[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM RE: ARREARAGE
On August 6, 1992, the court ruled upon the approach to be taken in the computation of arrearage. As noted by the court, "it is very easy to make arithmatical mistakes." For that reason, the court granted each party a period of ten (10) days to submit her and his recomputation of the arrearage. This has now been done, and the court has the plaintiff's recomputation, the defendant's recomputation and the plaintiff's reply, the last of which was filed on August 28, 1992.
In its Memorandum of Decision the court noted that this was not to be considered an opportunity to resubmit briefs upon legal issues. The court had not considered that there would be further factual issues. The parties were given a full hearing on July 20, 1992, and the defendant did not indicate any concern with the material submitted by the plaintiff regarding income and earnings at that hearing. CT Page 9278
The defendant in his brief dated August 24, 1992 raises five issues that the court considers as new issues. The court overrules paragraphs one through five of the defendant's brief.
The plaintiff raises four issues in her brief. The first paragraph questions the court's finding of arrearage as of November 1, 1987. The court has reexamined this issue and finds its computation of the statutory arrearage is correct. Except for the $2,000.00 payment made on October 29, 1987, the plaintiff has failed to consider the findings by the magistrate on that date.
In paragraph number two, the plaintiff states that the court has failed to take into account the shortfall in each month that the defendant failed to make full payment and cites as an example January, 1988. The court did err in the computation for January, 1988. The court reduced the arrearage by $73.00 when, in fact, the payment by the defendant was short by $83.00. The total arrearage, therefore, should be increased by $156.00.
In paragraph four plaintiff fails to take into account other income realized by the plaintiff and the minimum figure of $433.33. In the case of August, 1989 it is this minimum figure that has affected the calculations.
As to paragraph three, the court overrules this objection, if it is an objection, and simply observes that any other calculation would be inequitable.
The arrearage as of May 28, 1992 is found to be $12,429.00 as noted in the court's memorandum of August 6, 1992 plus $156.00 as noted hereinabove for a total arrearage as of that date of $12,585.00.
Even in the defendant's figures there is an arrearage of $8,951.00. This has not been presented to the court on a motion for contempt. There has not, therefore, been a finding of contempt, nor have current financial affidavits been submitted. The court is unable to award counsel fees pursuant to the provisions of 46b-62 or 46b-87 of the General Statutes. The request of the plaintiff for an award of attorney's fees is denied without prejudice. CT Page 9279
EDGAR W. BASSICK, III, JUDGE